IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MERCK SHARP & DOHME CORP.,　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　)　　Civ. No. 14-874-SLR
　　　　　　　　　　　　　　　　　)
TEVA PHARMACEUTICALS USA, INC.,)
　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　)

**MEMORANDUM ORDER**

At Wilmington this 3rd day of September, 2015, having heard argument on, and

having reviewed the papers submitted in connection with, the parties' proposed claim

construction;

IT IS ORDERED that the disputed claim language of U.S. Patent No. 6,127,353

("the '353 patent") shall be construed consistent with the tenets of claim construction set

forth by the United States Court of Appeals for the Federal Circuit in *Phillips v. AWH*

*Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), as follows:

**1. "[Mometasone furoate] monohydrate"[1] and "mometasone furoate**

**monohydrate:"[2]** "Mometasone furoate monohydrate." The patented invention "relates

to the novel compound mometasone furoate monohydrate, process for its preparation

and pharmaceutical compositions containing said compound." (Abstract) The

specification states that "[t]he present invention provides mometasone furoate

monohydrate of formula I . . . ." (1:32-33) It further describes the "characteristics" of the

---

[1] Found in claim 1.
[2] Found in claim 6.

"composition of matter . . . . mometasone furoate monohydrate," including molecular

formula and weight.  (1:58-60)  The court declines to add defendant's additional

language, "that is not formed spontaneously from anhydrous mometasone furoate in

aqueous suspension," to the claim construction.  Such limiting language is not

supported by "[a]n examination of the [limitation at issue] in the context of the written

description and prosecution history . . . ,"[3] cf. Nystrom v. TREX Co., Inc., 424 F.3d 1136,

1143 (Fed. Cir. 2005), and adds ambiguity to the scope of the claims.

**2. "Pharmaceutical composition comprising mometasone furoate**

**monohydrate:"[4]** "Composition suitable for treatment that contains mometasone

furoate monohydrate."  The specification explains that "[m]ometasone furoate is known

to be useful in the treatment of inflammatory conditions."  (1:14-15)  Claim 6 is an

independent claim, reciting "[a] pharmaceutical composition comprising mometasone

furoate monohydrate in a carrier consisting essentially of water."  (8:14-16)  The

language "composition suitable for treatment" in the parties' proposed constructions

explains the disputed limitation to the jury.  The language proposed by defendant,

"composition suitable for treatment that contains a therapeutically effective amount of

mometasone furoate monohydrate" adds language inconsistent with the plain meaning

of the claim limitation.[5]  This conclusion is reinforced by examining certain dependent

---

[3] During prosecution, the applicant distinguished certain prior art, pointing out that it did
not specifically disclose the compound at issue, mometasone furoate monohydrate.
(D.I. 103, ex. 2 at MRK_NAS02607850)
[4] Found in claim 6.
[5] The court declines to address defendant's enablement arguments in connection with
this claim construction exercise.  In any event, there is nothing in the claim language,
specification, or prosecution history requiring that mometasone furoate monohydrate be
used as the active pharmaceutical ingredient in the pharmaceutical composition of claim

claims, which delineate amounts of "mometasone furoate monohydrate." (6:33-34, claim 2; 8:17-20, claim 7)

 3. The court has provided a construction in quotes for the claim limitations at issue. The parties are expected to present the claim construction to the jury consistently with any explanation or clarification herein provided by the court, even if such language is not included within the quotes

_(signature)_

United States District Judge

---

6, the only circumstance that would justify defendant's additional limitation, "a therapeutically effective amount of" mometasone furoate monohydrate.